IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MORRIS BROUSSARD, III | § | |
| VS. | § | CIVIL ACTION NO. 1:21cv343 |
| ZENA STEPHENS, ET AL. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Morris Broussard, III, proceeding *pro se,* filed the above-styled civil rights lawsuit. This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

## Discussion

The court previously entered an order directing plaintiff to file an amended pleading. The order was sent to plaintiff via certified mail at the address he provided to the court. The copy of the order sent to plaintiff was returned to the court as unclaimed, indicating plaintiff was no longer at the address he provided. Plaintiff has not supplied the court with a new address or otherwise contacted the court.

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action for want of prosecution *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980). *See also McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The orderly and expeditious disposition of cases requires that if a litigant's address changes, he has a duty to inform the court of the change. *Shannon v. State of Louisiana*, 1988 WL 54768, No. 87-3951 (E.D. La. May 23, 1988) (quoting *Perkins v. King*, No. 84-3310 (5th Cir. May 19, 1985)); *see also Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (*per curiam*) (*pro se* plaintiff's case dismissed for failure to prosecute when he failed to keep the court apprised of his current address). In addition, Local

Rule CV-11(d) requires *pro se* litigants such as plaintiff to provide the court with a physical address and keep the clerk advised in writing of a current address.

By not providing the court with his correct address, plaintiff has prevented the court from communicating with him and moving this case towards resolution. He has therefore failed to diligently prosecute this case and this case should be dismissed without prejudice for want of prosecution.

## Recommendation

This civil rights lawsuit should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

## Objections

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within 14 days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996) *(en banc)*; 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 7th day of March, 2024.

_____
Zack Hawthorn
United States Magistrate Judge